Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder, punishment being three years in the penitentiary.

The original transcript contained no notice of appeal. Upon having his attention called to this the District Clerk sent up a supplemental transcript which contains the following memorandum:

"The State of Texas vs. J. L. Beasley. In the District Court of Cherokee County, Texas.

"Notice of appeal filed Feb. 2, 1942.

"Defendant's motion for new trial overruled, defendant excepts, and is given 90 days in which to perfect record for appeal.
"J. W. Chandler,
"Judge Presiding, Cherokee County,
"2nd Judicial District, Texas."

There is nothing in the foregoing to show that a notice of appeal was given and carried forward into the court minutes as is required by Art. 827, C.C.P. See cases annotated under said article in Volume 3, Vernon's Tex.C.C.P. It has been held many times that even a docket entry of notice of appeal is not sufficient.

If the foregoing memorandum, or whatever it may be termed, was only signed by the trial judge and filed with the papers in the cause, it would not be a compliance with said Art. 827, even if it contained a notice of appeal, which it does not.

The appeal is dismissed.

## GARDNER v. STATE.
### No. 22235.

Court of Criminal Appeals of Texas.
Oct. 28, 1942.

E. J. McLeroy, of Center, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Upon appellant's plea of guilty before the court—all formalities of the statute being complied with—he was convicted of cattle theft and his punishment assessed at two years in the penitentiary.

No bills of exception or statement of facts are found in the record, in which condition nothing is presented for review.

The judgment is affirmed.